UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NUMBER: 05-080

JEROME PINKSTON                                    SECTION: "B"(1)

## OPINION

Considering Guideline Amendment 750, the Crack (Cocaine) Amendment Eligibility Form prepared by the court's screening committee on January 12, 2012, all parties memoranda on Defendant's instant request for sentence reduction under 18 U.S.C. § 3582(c)(2), the record and applicable law, the following factual findings and conclusion of law are made:

1. Without objection, Defendant Pinkston is deemed eligible for a sentence reduction as a result of USSG Amendment 750 and *Freeman v. U.S.*, 131 S.Ct. 2685 (2011);

2. While so eligible, the sentencing court is under no obligation, *per se*, to exercise its discretion to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2). *U.S. v. Garcia*, 655 F. 3d 426, 430 (5th Cir. 2011), citing *U.S. v. Dillion*, 130 S. Ct. 2691-92 (2010); and *U.S. v. Evans*, 587 F. 667, 673 (5th Cir. 2009);

3. The original guideline imprisonment range was correctly calculated to be 188-235 months; later reduced by USSG Amendment 706 to a range of 151-188 months; and currently

calculated, without objection, to be 130-162 months under guideline Amendment 750;[1]

4. Defendant is serving a stipulated sentence of 188 months under Federal Rules of Criminal Procedure 11(c)(1)(c) that was accepted by the Court on October 2, 2006; that sentence was affirmed in *U.S. v. Pinkston*, 379 Fed. Appx. 343, 344 (5th Cir. 5/20/10);

5. As noted in the aforementioned circuit opinion, the sentencing court considered sentencing factors under 18 U.S.C. § 3553(a), including the original and first revised guideline calculations, Defendant's lengthy criminal conviction history, including a prison crack cocain distribution conviction and a felon in possession of a firearm conviction. Moreover, Defendant was spared the risk of facing a mandatory minimum sentence of 240 months as part of his negotiated plea agreement to forego prosecution and sentencing as a multiple offender under 21 U.S.C. § 851 for the prior drug conviction;

6. Prison records do not reflect any discipline data on Defendant; Exhibit B to Defendant's memoranda for sentencing reduction shows that his post conviction conduct has been good. While serving the instant

---

[1] The amended total offense level is 27, with an unchanged criminal history category of VI.

sentence, Defendant has earned a General Equivalency Diploma (GED), several certificates for completing courses in drug education, creative writing, parenting, anger management, victim impact and others. Defendant has also earned good work evaluations by prison officials;

7. The guideline sentencing range was a relevant part of our analysis used to determine the sentence and to approve the stipulated plea agreement at the original sentencing hearing in October 2006 and the subsequent modification proceedings under Amendment 706 in April 2009. However, other relevant considerations under 18 U.S.C. § 3553(a) were *also* used, as now, to determine a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing. The instant serious offense and Defendant's prior criminal history are also important considerations that impact the need for this Defendant to respect the law by avoiding future criminal conduct. Additionally, as noted by all parties, a just sentence that also protects the public from the commission of future crimes is an applicable and important factor here. Further, Defendant's plea agreement reduced his exposure to a 240 statutory minimum sentence as a habitual offender;

8. At oral argument today, both sides concede that 188 months was a reasonable sentence. 175 months was also postured to be a reasonable sentence. However, the Government pointed out that a sentence reduction would have a chilling effect upon future plea negotiations, especially those involving stipulated sentence proposals and habitual offenders. In fact, the Government states in hindsight it would have pursued a higher stipulated sentence or the trial option in view of the time now spent in post-sentence proceedings. Defense counters that a guideline sentence at the lower end of the new guideline range is more appropriate, especially since the lowest end of the guideline range was used at the time of the stipulated sentence;

9. Both sides agree that Defendant's post-sentence conduct since 2006, including conduct after the 2009 rejection of a sentence reduction, presents a rather unique situation. In our experience, prisoners often have disciplinary issues of varying degrees of seriousness. This Defendant's absence of any disciplinary charges and ongoing participation in rehabilitative prison programs demonstrate that during almost 6 years of incarceration he has been a model prisoner;

10. Considering all of above set of sentencing factors and

unique circumstances, the ends of justice are best served, in this instance, by granting a sentence reduction as authorized by Amendment 750. Further, weighing all issues raised by the Government and Defense, we find that Defendant's sentence should be reduced by 13 months, from 188 to 175 months. Such reduction recognizes aggravating and mitigating factors noted above and, while constituting an upwards departure from the new guideline range by 13 months, the new sentence here is sufficient, but not greater or lesser than necessary to comply with the purposes of sentencing.

Except for the 175 months sentence provided above, all provisions of the judgment dated October 4, 2006 shall remain in effect.

New Orleans, Louisiana, this 22nd day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE